## KEYES *vs.* DEARBORN.

In declaring upon a special contract, the same must be set out in its very terms, or according to its legal effect.

Where a lease bears a specific date, and is to continue for the period of one year, and the time of the commencement of the term of the lease is not otherwise expressed, the day of the date of the lease is to be regarded as the time from which the period of the lease is to be computed.

Where it was alleged in the declaration, that the lease of the plaintiff to the defendant, which constituted the consideration for the alleged promise of the defendant, was for one year from April 1, 1832, (and so to continue from year to year, as long as the parties could agree,) and the evidence to sustain the allegation was a written lease, bearing date February 28, 1832, and was for one year—it was *held*, that the proof did not support the declaration, inasmuch as there was a variance between the allegation and the proof, as to the time of the commencement of the term of the lease.

*Held*, also, that the time of the commencement of the term of the lease was not varied or changed by proof of a parol contract, made on the 2d day of April, 1832, to go on under the written lease, from year to year, as long as the parties could agree.

ASSUMPSIT. The declaration alleged, that the defendant, on February 28, 1832, in consideration that the plaintiff would agree to rent and lease to the defendant all that part of the plaintiff's farm in Rumney, lying, &c., (together with one half of the buildings, and divers articles of personal property,) all the farm and property aforesaid to be rented and leased to the defendant for one year from April 1, 1832, and so on, from year to year, as long as the parties to said agreement should agree to continue said agreement, and return the same when said agreement should be determined, promised the plaintiff to take all said farm and property, and to board the plaintiff and his wife, from said first of April, 1832, and so, from year to year, as long as said agreement remained in force, and return said farm and property when said agreement should be determined.

The declaration then averred, that the plaintiff did lease said farm and personal property as aforesaid, to the defendant, and that the defendant did enter upon said farm, and receive said personal property, in pursuance of said agreement, on

the second day of April, 1832, and used, occupied, and carried on said farm and property until the first day of April, 1837, by the mutual agreement of the parties, when said agreement was terminated.    Yet the defendant, though requested, had not boarded the plaintiff and his wife during all the aforesaid time, and did not return said farm and property to the plaintiff at the termination of said agreement on the first of April, 1837, &c.

The defendant pleaded the general issue.

In support of the action, the plaintiff offered in evidence a written agreement, signed by the parties, dated February 28, 1832, containing the following provisions, viz: " Said Samuel Keyes agrees to rent or lease to said John Dearborn all that part of his farm lying," &c., (describing it as in the declaration,) "also, one half of the buildings, with one cart," &c., (enumerating the articles of personal property,) " this property to be rented and leased to said Dearborn for one year.    The said John Dearborn, for and in consideration of said rent and lease, agrees, on his part, to board said Samuel Keyes and wife for one year."

The plaintiff then offered the testimony of a witness, that he was present on the second of April, 1832, when the parties talked over their agreement, which he understood from them was for one year, and that they then agreed to go on under that agreement, from year to year, as long as they agreed.

The defendant objected, that this testimony did not support the plaintiff's declaration; but it was admitted.    The plaintiff then proved that the defendant occupied the farm five years; that he returned but part of the property mentioned; and that, since the termination of the defendant's occupation, he had demanded the residue, but that the defendant had not delivered it, having previously sold or disposed of part of it.

A verdict was taken, by consent, for the plaintiff, subject to the opinion of this court upon the foregoing case.

*Bell,* for the plaintiff.

*Quincy,* for the defendant.

WOODS, J.   It is a familiar and well settled rule of plead-
ing in assumpsit, that a special contract, for the breach of
which damages are demanded, must be described in the
declaration, either in its very terms or according to its legal
effect; and that any material variance, however trivial, in
the statement of it, between the contract declared on and
that proved, will be fatal to the action, and that such vari-
ance may be taken advantage of on the general issue.   In
support of the principle of this rule, there would seem to be
an entire concurrence of the authorities.   1 *Saund. Pl. &
Evid.* 117, (3d *American ed.* ;) *Churchill* vs. *Wilkins,* 1 *T.
R.* 447 ; *Symmons* vs. *Knox,* 3 *T. R.* 68 ; *Penny* vs. *Por-
ter,* 2 *East* 2 ; *Bristow* vs. *Wright,* 2 *Dougl.* 665 ; *Tate*
vs. *Wellings,* 3 *T. R.* 531 ; *Hockin* vs. *Cook,* 4 *T. R.* 314 ;
*Stanwood* vs. *Scovel,* 4 *Pick.* 422 ; *Eaton* vs. *Dugan,* 21
*Pick.* 538.

The question arising upon the present case is, whether the
declaration conforms to that rule ; or, in other words, whether
the contract proved, in legal effect, corresponds with the con-
tract set forth in the declaration, or materially varies there-
from.   The declaration alleges, in substance, that the lease,
or letting of the farm and other property, which constitutes
the consideration for the defendant's alleged promise to board
the plaintiff and his wife, was a lease for one year from the
first day of April, 1832, and so on, from year to year, there-
after.   The evidence adduced to sustain that allegation was
a written agreement, bearing date February 28, 1832, signed
by the parties, and containing the following provisions, viz :
" Said Samuel Keyes agrees to rent, or lease, to said John
Dearborn, all that part of his farm," &c. ; " also, one half of
the buildings, with one cart," &c. ; " this property to be
rented and leased to said Dearborn for one year.   The said

John Dearborn, for and in consideration of said rent or lease, agrees, on his part, to board said Samuel Keyes and wife for one year." The written agreement then bears date February 28, 1832, and the term of the lease, as expressed therein, is one year. No other date is specified in the written agreement than that of February 28, 1832, nor is any other period of time named therein as the term of the lease, or as the term of time during which Dearborn was to board Keyes and his wife, than one year. No express mention is made of the first of April, as being the period of the commencement of the lease or board; in fact, April is not mentioned at all in the written agreement. Upon a fair, and what seems to us to be the legal, construction of the written agreement, we are of opinion that the commencement of the term of the lease was the 28th day of February, 1832, and not the first day of April, as alleged in the declaration; and that the date of the written contract is to be regarded as the date of the commencement of the term of the lease; no other time being indicated by the agreement. And this construction is believed to be in strict analogy to what is the uniform construction given to notes and other instruments for the payment of money or other thing, bearing a specific date, and payable within a specific period; and in which nothing other than the mere date appears, to indicate the intention of the parties, as to the time from which the period of credit is to be computed. In such case, by a universal construction, the day of the date of the instrument is the time from which the period of credit is to be computed, in all cases in which there is nothing but the date to indicate or determine its commencement; and no ground of distinction is perceived by the court, and no distinction, we think, can properly obtain, between the rule of construction proper to be applied to instruments for holding the possession of lands, and those for the payment of money or other thing, in the particular under consideration.

Does the parol testimony adduced in this case vary the written contract, and thus change its construction? Was

the conversation of the parties, on the second day of April, 1832, testified to by the witness, intended to operate upon the written contract, and to change its character, terms or legal construction? The case finds that a witness testified that he was present on April 2, 1832, when the parties "talked over their agreement, which he understood from them was for one year; and that they agreed to go on under that agreement, from year to year, as long as they agreed." The counsel for the plaintiff, at the argument contended that this parol agreement fixed and established the first day of April, 1832, as the time from which the term of the lease was to be computed. But the statement of the witness, that he was present "when the parties talked over their agreement, which he understood was for one year," plainly refers to the written agreement of February 28, 1832; for there was no other agreement to which reference could have been intended to be made. And it is equally plain, that the new agreement was intended only as an extension of the first agreement, and was not designed to alter the period of the commencement of the term of the lease. Its whole legal operation was to alter the period of the lease, by adding to the year stipulated for therein, such further term of years as the parties might agree upon, and by a reference to the written lease to fix and establish the conditions upon which the property should be holden during such additional years. And we are clearly of the opinion that the new agreement, as stated by the witness, did not vary or alter the time of the commencement of the lease, which was plainly, as we have seen by the written agreement, the 28th of February, 1832, but strikingly and clearly confirmed the first agreement, was consistent with it, and only extended its operation to future years.

The lease from April 1, 1832, for one year, and so on from year to year, is stated in the declaration as the consideration for the alleged promise of the defendant. The lease was not set out in the declaration in the terms of it; that is not pre-

Keyes *v.* Dearborn.

tended ; but it was intended, and is now claimed to have been, set out according to its legal effect. And as to the period of its commencement, it is not stated, as I have before shown, according to its legal effect. A variance, then, exists between the consideration stated and that proved ; and so the consideration for the alleged promise of the defendant is not truly stated. But by the well settled rules of law, the consideration of a contract not under seal, must be set forth truly, and proved as alleged. *Favor* vs. *Philbrick*, 7 *N. H. Rep.* 326 ; *Moore* vs. *Ross, ibid.* 528.

And the variance is evidently material ; for the lease set out in the declaration is entirely another and a different one from that proved, embracing the same property, it is true, but covering an altogether different period of time. We are, therefore, all clearly of the opinion that the verdict must be set aside, and a

*New trial granted.*